**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-4941**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JOHN CURTIS LEE,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (CR-03-104)

─────────────

Submitted:  July 6, 2005              Decided:  August 18, 2005

─────────────

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Curtis Lee appeals the district court's order sentencing him to 210 months' imprisonment following his guilty pleas to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000); possession of an unregistered explosive device and possession of an unregistered silencer, in violation of 26 U.S.C. §§ 5841, 5861, & 5871 (2000); and unlawful manufacture of a weapon, in violation of 26 U.S.C. §§ 5822, 5861, & 5871 (2000). We affirm.

In his appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Lee claims that the Government engaged in misconduct by failing to timely disclose prejudicial material that enhanced Lee's sentence. Criminal defendants may waive their statutory right to direct appeal as part of a plea agreement with the government. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Lee unambiguously waived his right to appeal his sentence by the terms of his plea agreement with the Government. Accordingly, Lee's claim relating to the calculation of his sentence is precluded by his plea agreement.

Pursuant to Anders, we have reviewed the record for any error outside the scope of Lee's waiver of appellate rights and have found no meritorious issues. Accordingly, we affirm Lee's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court

- 2 -

of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED